UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL A. AUSTERMAN, JR., *et al.* | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 1:14-cv-00433-LJM-TAB ) |
| WAL-MART STORES EAST, LP, | ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Wal-Mart Stores East LP ("Wal-Mart") has moved for summary judgment on the claims brought against it by Plaintiffs Michael A. Austerman, Jr. ("Michael") and Dawn Austerman (collectively, "Plaintiffs"). Dkt. No. 46. In this case, Plaintiffs allege that Wal-Mart breached its duty to maintain its parking lot in a reasonably safe condition that cause Michael to have an accident that injured him. Wal-Mart argues that summary judgment is appropriate because Plaintiffs cannot prove that the accident was caused by any unreasonably dangerous condition of the parking lot; rather, Michael's excessive speed and an intervening cause – a car driven across the parking lot rows by a third party, Douglas Hanson ("Hanson") – were the proximate cause. Plaintiffs assert that there is a material question of fact on the issue of causation because there is competing expert testimony regarding the safety of Wal-Mart's parking lot design.

For the reasons stated herein, the Court **DENIES** Wal-Mart's Motion for Summary Judgment.

## I. BACKGROUND

The undisputed facts are these: On April 25, 2012, Michael driving a motorcycle traveling northbound in Wal-Mart's parking lot between parking rows 5 and 6. Am. Compl. ¶ 1; Stutzman Dep. Ex. 1, Forensic Expert Report of James R. Stutzman ("Stutsman Report"); Wal-Mart Video. Michael's motorcycle is extremely loud; according to him, it sounds louder than the speed at which it is traveling. Austerman Dep. at 48. Michael testified that his general practice is to drive no faster than twenty miles per hour in the Wal-Mart parking lot. *Id.* Further, the parties dispute how quickly Michael was traveling; estimates range between 10 and 40 miles per hour. *Compare* Huntington Dep. at 18 (between 10 and 12 miles per hour) *and* Michael Austerman Dep. at 48 (no more than 20 miles per hour) *with* Schadenfroh Dep. at 10-11, 14-15 ("going really fast" and estimating the speed before the collision as between 30 and 40 miles per hour) *and* Vandergriff Stmt. ("speeding very high speed"). Hanson was cutting across the parking lot, traveling east and perpendicular to rows 5 and 6, when he pulled in front of Michael's motorcycle, which caused the vehicles to collide. Am. Compl. ¶ 2; Stutzman Report at 6; Wal-Mart Video. Michael's motorcycle hit the back passenger side of Hanson's vehicle. Wal-Mart Video. Michael was severely injured as a result of the accident. Am. Compl. ¶ 4.

Wal-Mart's expert, James R. Stutzman ("Stutzman") concluded that Wal-Mart's parking lot "include[s] asphalt parking surfaces, drive aisles, landscape islands, lane and aisle marking and signage [that are] safe, proper and compliant with Indiana building rules, the Columbus Zoning Ordinance, and other applicable codes, regulations, rules and laws current at the time of construction and current today." Stutzman Report at 8.

Plaintiff's expert, James Shultz ("Shultz"), concludes "Wal-Mart's failure to construct the parking lot with appropriate and accepted features to reduce vehicle speeds and traffic crossing through parking spaces from aisle to aisle made the lot dangerous in a manner that was a factor in the happening of this collision." Dkt. No. 56-7, Shultz Report at 3.

## II. MOTIONS TO STRIKE

Plaintiffs have moved to strike the testimony of several witnesses.  First, Plaintiffs move to strike the testimony of Linda Schadenfroh ("Schadenfroh") on the basis that she based her opinion on the speed Michael was traveling on sound alone and therefore outside her personal knowledge.  Dkt. No. 55 at 8.  However, Schadenfroh testified that she saw Michael riding the bike just prior to the accident, Schadenfroh Dep. at 10-11, 14-15; therefore, she could competently testify as to his speed.  Next, Plaintiffs move to strike the testimony of Jessica Scroggins ("Scroggins") and Debra Barnett ("Barnett") as to Michael's speed because they did not witness the accident and based their estimates about speed on the Wal-Mart video, which speaks for itself.  Dkt. No. 55 at 7-8.  The Court agrees that, at least as to this point, Scroggins and Barnett do not have personal knowledge and the Court will not consider their statements regarding Michael's speed.  Finally, Plaintiffs move to strike Katie Vandergriff's ("Vandergriff's") unsworn eye-witness statement.  Dkt. No. 55 at 6-7.  However, Vandergriff is an eye-witness and as such is qualified to testify and her statements could be admissible at trial in another form; therefore, the Court denies Plaintiff's motion to strike her statement as to Michael's speed. For these reasons, Plaintiffs' Motion to Strike is **GRANTED in part and DENIED in part**.

3

Wal-Mart has moved to strike the Supplemental Report from Plaintiff's expert, Shultz. Dkt. No. 59 at 2-3. Wal-Mart argues that the report, submitted on May 5, 2015, was provided almost six months after the expert disclosure deadline of November 17, 2014, as well as after the March 19, 2015, discovery and dispositive motion deadline. *Id.* Wal-Mart asserts that there is no reason that Shultz could not have proffered the opinions in the Supplemental Report regarding the standards and guidelines an engineer would use to create a parking lot in the first instance; therefore, they are late and should be stricken. *Id.* at 3. Plaintiffs argue that, as Wal-Mart concedes, there is no date in the Case Management Plan for submission of supplemental reports; therefore, Rules 26(e)(2) and 26(a)(3)(B) of the Federal Rules of Civil Procedure ("Rules 26(e)(2) and 26(a)(3)(B)") control. Dkt. No. 61 at 1-2. Read in tandem, those rules provide that expert disclosures should be made at least 30 days before trial. *Id.* (quoting Fed. Rs. Civ. P. 26(e)(2) & 26(a)(3)(B)). In any event, Plaintiffs assert, Shultz's opinions in his Supplemental Report merely rebut Stutzman's opinions and are entirely consistent with the opinions in his original report. *Id.* at 3-4. For all of these reasons, Plaintiffs claim that Wal-Mart cannot show any prejudice. *Id.* at 2-4.

Although the Court is troubled by the fact that Shultz' Supplemental Report was proffered nearly two months after the discovery deadline had passed, in the absence of any controlling language in the Case Management Plan, the disclosure is not "late" according to Rules 26(e)(2) and 26(a)(3)(B). Further, Wal-Mart is hard pressed to argue it is prejudiced when it never took the time within the discovery deadline to depose Shultz. Moreover, it is reasonable to expect that Plaintiffs would provide a supplemental or rebuttal report after they had deposed Stutzman; Wal-Mart's failure to anticipate such will

4

not be cured on this record where the original trial date was months away and a deposition could have been arrangement by agreement.

For these reasons, Wal-Mart's Motion to Strike is **DENIED**.

### III. DISCUSSION

Wal-Mart claims that Michael's admission that he had "tunnel vision" and could only see what was right in front of him because of his helmet and that he had smoked a marijuana joint before work on the day of the accident, coupled with the eye-witness testimony that Michael was speeding and/or driving recklessly, defeats Plaintiff's claim that the unreasonably dangerous parking lot design was a proximate cause of Michael's injuries as a matter of law. Dkt. No. 59 at 5-6. Plaintiffs assert that their expert's testimony, coupled with Michael's testimony and that of Huntington, create a material question of fact on the causation element; therefore, summary judgment should be denied. Dkt. No. 55 at 12-22.

A landowner has a "duty to exercise reasonable care to discover defects or dangerous conditions on the premises, and he will be charged with knowledge of, and held liable for injuries which result from, any dangerous condition which he could have discovered in the exercise of reasonable care." *Lutheran Hosp. of Ind., Inc. v. Blaser*, 634 N.E.2d 864, 868 (Ind. Ct. App. 1994) (citing *Verplank v. Commercial Bank of Crown Point*, 251 N.E.2d 52, 58 (Ind. App. 1969)). This "includes a duty to provide a safe and suitable means of ingress and egress, and may extend to warning of or protection from a danger that originates from third persons." *Id.* (citing *Bearman v. Univ. of Notre Dame*, 453 N.E.2d 1196, 1198 (Ind. App. 1983)). In Indiana, breach of the duty, or causation, and any issues related to comparative fault are questions of fact, usually reserved for the

trier of fact. *See Moore v. Shawmut Woodworking & Supply, Inc.*, 788 F. Supp. 2d 821, 829 (S.D. Ind. 2011) (quoting *Kroger Co. v. Plonski*, 930 N.E.2d 1, 9 (Ind. 2010)). Although the visual evidence in this case is compelling, this is a classic case where competing experts as well as competing eye-witness testimony could persuade a jury that Wal-Mart breached its duty of care when it failed to provide a safe parking lot design. Shultz's reports provide evidence that the circulation pattern in the parking lot in question made it unreasonably dangerous and that alternative designs could have helped prevent Hanson from traversing the parking lot outside of the lanes and, perhaps, slowed Michael's speed, if he in fact was traveling too fast. In other words, there are too many questions of fact for this Court to decide as a matter of law that Wal-Mart did not have any fault.

## IV. **CONCLUSION**

For the reasons stated herein, the Court **DENIES** Defendant Wal-Mart Stores East, LP, Motion for Summary Judgment.

IT IS SO ORDERED this 10th day of September, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kellie Christine Clark
BLACKBURN & GREEN
kclark@blackburnandgreen.com

R. T. Green
BLACKBURN & GREEN
rtgreen@blackburnandgreen.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com